IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHNNY AUSTIN BENTON                                                                PLAINTIFF
ADC #088246

V.                              NO. 4:22-cv-01137-JM-ERE

CLARK                                                                              DEFENDANT

## RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.  Introduction:**

Plaintiff Johnny Austin Benton, an Arkansas Division of Correction inmate housed at the Randall Williams Correctional Facility (the "Facility"), filed this lawsuit *pro se* under 42 U.S.C. § 1983, complaining about the conditions of his confinement. The Court has screened the complaint as required by the Prison

Litigation Reform Act ("PLRA").[1] For reasons that follow, the Court recommends that the pleading be dismissed, without prejudice, for failure to state a plausible claim for relief.

### III. Discussion:

#### A. Standard

To survive screening under the PLRA, Mr. Benton's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

#### B. Factual Background

In his complaint, Mr. Benton complains generally that the Facility where he

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

is housed leaks. He states that the building is rusted, corroded, and moldy. In addition, he specifically alleges that, on November 5, 2022, between midnight and 2:00 a.m., it rained heavily. He complains that "black mold and corrosion" fell on him while he was asleep. Mr. Benton claims that these conditions placed his health at risk and "*could possibly* have a long term effect on [his] health." *Doc. 2 at 4* (emphasis added). Mr. Benton sues Warden/ADC employee Clark.

### C. Analysis

To plead a plausible Eighth Amendment inhumane conditions of confinement claim, Mr. Benton must allege facts demonstrating that: (1) objectively, he suffered an "extreme deprivation" that was "sufficiently serious" enough to deny him "the minimal civilized measure of life's necessities," or to pose "a substantial risk of serious harm" to his health or safety; and (2) subjectively, Defendant Clark was deliberately indifferent to the risk of harm posed by the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Thus, Mr. Benton must, at a minimum, allege facts suggesting that Defendant Clark was substantially aware of, but disregarded, an excessive risk to Mr. Benton's health or safety. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

In his complaint, Mr. Benton fails to allege that Defendant Clark either: (1) denied him any of life's necessities; or (2) disregarded an excessive risk to his health or safety. Mr. Benton's complaint that on one occasion for approximately two hours

he was exposed to rain or debris falls exceedingly short of alleging that he suffered an extreme deprivation even arguably violating his constitutional rights. Therefore, Mr. Benton has failed to state a plausible constitutional claim for relief against Defendant Clark.

### IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Benton's complaint be DISMISSED, without prejudice.

2. The Court recommend that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g) and certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

3. The Clerk is instructed to close this case.

Dated this 28th day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE